IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUCKLE-DOWN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CHROME INDUSTRIES, INC.,<br><br>    Defendant. | Civil Action No.:1:16-CV-04768<br><br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Buckle-Down, Inc. for its complaint against Defendant Chrome Industries, Inc., alleges as follows:

## PARTIES

1.  Buckle-Down, Inc. ("Buckle-Down") is a New York corporation with a place of business at 470 Smith Street, Farmingdale, NY 11735.

2.  Chrome Industries, Inc. ("Chrome") is a California corporation with a place of business at 580 4th Street, San Francisco, CA 94107.  Chrome has several retail store locations including a retail hub located at 238 Mulberry St., New York, NY 10012.

## NATURE OF THE SUIT

3.  This is an action for design patent infringement of U.S. Patent Nos. D542,523 (the "'523 patent") and D609,408 (the "'408 patent") in violation of United States patent laws, 35 U.S.C. §§ 271 *et seq.*, arising out of and based on Chrome's prior and ongoing manufacture, use, sale and offer for sale of products that infringe the '523 patent and the '408 patent.

## JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, specifically Title 35 of the United States Code. Accordingly, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Chrome because it conducts business in New York.

6. Chrome purposely conducted infringing activity in New York by deliberately directing its merchandising and sales efforts toward residents of New York through its website and through retail store locations within the state. On information and belief, Chrome specifically sold the Mini Buckle Key Chain and the Palmer3000 Dog Collar products (collectively, "the Accused Products") to New York residents through its website and retail stores.

7. On May 9, 2016 a representative of Buckle-Down purchased the Accused Products from a Chrome retail store located at 238 Mulberry Street, New York, NY 10012. A copy of an itemized receipt indicating the Accused Products were purchased and photos of the Accused Products are attached as Exhibit 1.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), as Chrome is subject to personal jurisdiction in the Judicial District and has committed acts of infringement in this District.

## BUCKLE-DOWN'S DESIGN PATENTS

9. Buckle-Down is the leading manufacturer and retailer of accessories that feature seat belt buckle design elements. Buckle-Down and its products are widely recognized for their innovative design and distinctive style. For over twenty years, Buckle-Down has been actively engaged in the design, development, manufacture, and sale of its high quality accessories.

Buckle-Down's designers have worked continuously to bring new and distinctive accessory designs to market.

10. Buckle-Down is the assignee and owner of all rights, title, and interest to U.S. Patent No. D542,523 (the "'523 patent") entitled "Accessory Holder" which was duly and legally issued by the United States Patent & Trademark Office on May 15, 2007. A true and exact copy of the '523 patent is attached as Exhibit 2 and is incorporated herein by reference. The '523 patent is valid and enforceable.

11. Buckle-Down is the assignee and owner of all rights, title, and interest to U.S. Patent No. D609,408 (the "'408 patent") entitled "Collar" which was duly and legally issued by the United States Patent & Trademark Office on February 2, 2010. A true and exact copy of the '408 patent is attached as Exhibit 3 and is incorporated herein by reference. The '408 patent is valid and enforceable.

**FIRST COUNT**
**(Design Patent Infringement of U.S. Design Patent No. D542,523**
**under 35 U.S.C. § 271)**

12. Buckle-Down re-alleges and incorporates the allegations set forth in paragraphs 1 through 11 herein.

13. Chrome manufactures, uses, sells, offers for sale and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '523 patent.

14. Such products include at least the Chrome Mini Buckle Key Chain, a photo of which, obtained from Chrome's website (http://www.chromeindustries.com/mini-buckle-key-chain), is attached as Exhibit 4. On May 9, 2016, a Buckle-Down representative purchased a Chrome Mini Buckle Key Chain from the Chrome retail store located at 238 Mulberry Street, New York, NY 10012, as shown in the photo and receipt attached in Exhibit 1.

15. Buckle-Down and its designs are well-known throughout the accessory industry, and the Chrome Mini Buckle Key Chain is a nearly identical copy of Buckle-Down's design. The Chrome Mini Buckle Key Chain uses substantially the same design claimed in the '523 patent and the resemblance between the claimed design and the Chrome Mini Buckle Key Chain design is deceiving to the ordinary observer.

16. On information and belief, Chrome had at least constructive notice of the '523 patent by operation of law because Buckle-Down has complied with the marking requirements of 35 U.S.C. § 287 to the extent required by law since at least July 30, 2007.

17. Beyond constructive notice, Chrome had actual notice of the '523 patent since at least December 23, 2015 when Buckle-Down notified Chrome of its infringement.

18. As a direct and proximate result of Chrome's aforesaid acts of patent infringement, Buckle-Down has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

19. Upon information and belief, Chrome has knowingly, intentionally, and willfully infringed the '523 patent and will continue to do so subsequent to the filing of this complaint unless it is enjoined by the Court. Upon information and belief, Chrome infringed the '523 patent with reckless disregard of Buckle-Down's patent rights, and Chrome knew, or it was so obvious that Chrome should have known, that its actions constituted infringement of the '523 patent. Accordingly, Buckle-Down seeks enhanced damages pursuant to 35 U.S.C. § 284.

20. Buckle-Down is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages pursuant to 35 U.S.C. §§ 284 and 289, an order enjoining Chrome from continuing to infringe the '523 patent pursuant to 35 U.S.C. § 283, and reasonable attorneys' fees

for the necessity of bringing this claim pursuant to 35 U.S.C. § 285.  Buckle-Down will be irreparably harmed if Chrome is not enjoined from infringing.

## SECOND COUNT
### (Design Patent Infringement of U.S. Design Patent No. D609,408 under 35 U.S.C. § 271)

21. Buckle-Down re-alleges and incorporates the allegations set forth in paragraphs 1 through 20 herein.

22. Chrome manufactures, uses, sells, offers for sale and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '408 patent.

23. Such products include at least the Chrome Palmer3000 Dog Collar, a photo of which, obtained from Chrome's website (http://www.chromeindustries.com/palmer3000), is attached as Exhibit 5.  On May 9, 2016, a Buckle-Down representative purchased a Chrome Palmer3000 Dog Collar from the Chrome retail store located at 238 Mulberry Street, New York, NY 10012, as shown in the photo and receipt attached in Exhibit 1.

24. Buckle-Down and its designs are well-known throughout the accessories industry, and the Chrome Palmer3000 Dog Collar is a nearly identical copy of Buckle-Down's design. The Chrome Palmer3000 Dog Collar uses substantially the same design claimed in the '408 patent and the resemblance between the claimed design and the Chrome Palmer3000 Dog Collar design is deceiving to the ordinary observer.

25. On information and belief, Chrome had at least constructive notice of the '408 patent by operation of law because Buckle-Down has complied with the marking requirements of 35 U.S.C. § 287 to the extent required by law since at least March 26, 2010.

26. Beyond constructive notice, Chrome had actual notice of the '408 patent since at least December 23, 2015 when Buckle-Down notified Chrome of its infringement.

27. As a direct and proximate result of Chrome's aforesaid acts of patent infringement, Buckle-Down has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

28. Upon information and belief, Chrome has knowingly, intentionally, and willfully infringed the '408 patent and will continue to do so subsequent to the filing of this complaint unless it is enjoined by the Court.  Upon information and belief, Chrome infringed the '408 patent with reckless disregard of Buckle-Down's patent rights, and Chrome knew, or it was so obvious that Chrome should have known, that its actions constituted infringement of the '408 patent.  Accordingly, Buckle-Down seeks enhanced damages pursuant to 35 U.S.C. § 284.

29. Buckle-Down is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages pursuant to 35 U.S.C. §§ 284 and 289, an order enjoining Chrome from continuing to infringe the '408 patent pursuant to 35 U.S.C. § 283, and reasonable attorneys' fees for the necessity of bringing this claim pursuant to 35 U.S.C. § 285.  Buckle-Down will be irreparably harmed if Chrome is not enjoined from infringing.

### PRAYER FOR RELIEF

**WHEREFORE**, Buckle-Down prays for relief as follows:

1. Judgment that Chrome has infringed the '523 patent and the '408 patent in violation of 35 U.S.C. § 271;

2. Judgment that Chrome's infringement of the '523 patent and the '408 patent is willful, deliberate, and intentional;

3. An order directing Chrome to account for and pay to Buckle-Down all damages adequate to compensate for Chrome's infringement in an amount to be determined at trial, but not less than a reasonable royalty, under 35 U.S.C. §§ 284 and 289;

4. An order trebling damages awarded to Buckle-Down and/or awarding exemplary damages to the extent Chrome's infringement of the '523 patent and the '408 patent is determined to have been willful under 35 U.S.C. § 284;

5. An order deeming this to be an "exceptional case" and thereby directing Chrome to pay Buckle-Down's costs, expenses, and reasonable attorney's fees, pursuant to 35 U.S.C. § 285;

6. An order that Chrome account for and pay to Buckle-Down the damages to which Buckle-Down is entitled as a consequence of Chrome's infringement, including any damages not covered by the jury verdict;

7. An award to Buckle-Down of pre-judgment interest on the damages caused by Chrome's infringement at the maximum allowable rates under the law;

8. An order permanently enjoining Chrome and its subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with Chrome or acting on Chrome's behalf, from further infringement of the '523 patent and the '408 patent, pursuant to 35 U.S.C. § 283; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Buckle-Down demands a trial by jury for all issues so triable as a matter of right.

Date: June 21, 2016
New York, New York

Respectfully submitted,

/s/ Ognjan V. Shentov

_____
Ognjan V. Shentov (OS-4868)
**JONES DAY**
250 Vesey Street, Floor 34
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: ovshentov@JonesDay.com

Mark G. Paulson
Vishal V. Khatri
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email: mgpaulson@JonesDay.com
Email: vkhatri@JonesDay.com

John C. Evans
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: jcevans@JonesDay.com

ATTORNEYS FOR PLAINTIFF
BUCKLE-DOWN, INC.